**PUBLISHED**

Filed: March 9, 2010

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DARICK DEMORRIS WALKER,

*Petitioner-Appellant,*

v.

LORETTA K. KELLY, Warden,
Sussex I State Prison,

*Respondent-Appellee.*

No. 08-11
(1:01-cv-01196-
CMH-TCB)

## O R D E R

In a poll requested by a member of the court on the petition for rehearing en banc, Judges Michael, Motz, Gregory, and Davis voted to rehear the case en banc. Chief Judge Traxler and Judges Wilkinson, Niemeyer, King, Shedd, Duncan, and Agee voted to deny rehearing en banc. As a majority of the active circuit judges voted against rehearing en banc and as the panel voted to deny rehearing, the petition for rehearing and rehearing en banc is denied.

Judge Gregory wrote an opinion dissenting from the denial of rehearing en banc.

Entered for the court at the direction of Chief Judge Traxler.

For the Court

/s/ Patricia S. Connor
Clerk

GREGORY, Circuit Judge, dissenting from the denial of rehearing en banc:

In *Walker v. Kelly*, 195 Fed. App'x 169 (4th Cir. 2006) ("*Walker II*"), this Court held that Walker established cause and prejudice to overcome procedural default and thereby proved a *Brady* violation. Yet, three years later, a different panel of this Court reached the opposite conclusion on essentially the same evidence. In reaching its decision, the majority contravenes decisions of the Supreme Court and undermines the values of finality and fairness behind the law of the case doctrine. Although much of my reasoning is set forth in my dissent from the majority's opinion, *Walker v. Kelly*, 589 F.3d 127, 143-48 (4th Cir. 2009), I am compelled to write again out of concern that a man will be put to death without having a jury of his peers hear evidence vital to determining his guilt or innocence.

The "centerpiece" of the Commonwealth's 1998 case against Walker for the murder of Stanley Beale, the offense that made Walker eligible for capital punishment, was the testimony of thirteen-year-old Bianca Taylor ("Bianca"). *Walker II*, 195 Fed. App'x at 176. At trial, Bianca told the jury that she *saw* Walker shoot her father, and the Commonwealth relied heavily on her testimony as the sole "eyewitness." *Id.* But, as this Court found in 2006, "the Commonwealth knew of, but failed to disclose, police reports that contain evidence which challenges the credibility of Bianca Taylor's alleged eyewitness testimony." *Id.* at 172. The withheld documents "provide compelling evidence suggesting that Bianca never saw the intruder the night of the murder and that she based her

identification of Walker solely on the intruder's voice." *Id.* at 173. The jury never heard this impeaching evidence, which the first panel unequivocally found material to Walker's guilt or innocence.

As compared to every other punishment, "there is no doubt that 'death is different.'" *Ring v. Arizona*, 536 U.S. 584, 605-06 (2002) (citation omitted); *McCleskey v. Kemp*, 481 U.S. 279, 340 (1987) (Brennan, J., dissenting) ("It hardly needs reiteration that this Court has consistently acknowledged the uniqueness of the punishment of death. . . . 'Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment.'" (citations omitted)). In this capital case involving an assertion of actual innocence and scant corroboration of guilt, I strongly believe justice requires that Walker be able to present the withheld evidence to a jury. Thus, I respectfully dissent from the Court's denial of rehearing en banc.